CLARK et al. v. PATTON et al.

(Circuit Court, W. D. Tennessee, W. D.    March 31, 1899.)

MORTGAGE FORECLOSURE — AMOUNT OF APPEAL BOND — INSURANCE PENDING APPEAL.

> Where there has been a decree of sale in strict foreclosure proceedings, if the mortgagor has not complied with the stipulation in the mortgage that he will keep the property insured at a fixed value, for the benefit of the mortgagee, the appeal bond should be not less than the amount of the agreed insurance; and this although the naked land may be worth as much as the sum decreed, as the mortgagee has the right, under such a contract, to the protection which would have been afforded by the insurance pending the appeal.

## On Application for Approval of Appeal Bond.

T. M. Scruggs, for plaintiffs.

Randolph & Randolph, for defendants.

HAMMOND, J.    Counsel are in disagreement as to the amount of the appeal bond in this case.    On a bill to foreclose a mortgage, the plaintiff had a decree of sale for $6,027.50.    It seems to be understood, as one of the rulings in Kountze v. Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, that in a foreclosure suit the statutory requirement of an appeal bond "that the appellant shall prosecute his appeal to effect, and if he fail to make his plea good shall answer all damages and costs," covers deterioration or waste of the property pending the appeal, caused by reason of fire, when the property is not insured.    Counsel for plaintiff concedes that this property, as it stands, is worth about the sum of $10,000; but he insists that the value of the house and improvements, subject to loss by fire, is as much as $5,000, which he thinks should be the minimum amount of the appeal bond.    It is urged that this is especially so in this case, because there is a stipulation in the mortgage that the mortgagees "will cause any buildings upon the said premises to be insured in such safe and responsible insurance company, for the sum of $6,500, or such less sum as the legal holder of the notes secured hereby may elect, and keep the same insured, and will deliver all policies of insurance and all renewal certificates, from time to time, to the said party of the second part, or his successors in trust"; and another stipulation, that, in case of default or neglect to procure or renew insurance, the mortgagee may enter and sell, etc.; and another stipulation, that "in case of sale the proceeds shall be applied—First, to the costs of the sale, and, secondly, to all sums of money paid by the said secured party, or the holder of the note, for insurance, taxes, assessments, or charges, to protect the title or possession of said premises, together with interest," etc.    It is insisted by the plaintiff that there is now existing no insurance whatever upon this property, while the defendant contends that he is informed and believes that the plaintiff holds a subsisting policy for the sum of $500.    The defendant has filed a petition, with which he brings into court a policy of insurance dated July 19, 1898, for one year, which insures T. M. Patton, the defendant in this case, in the sum of $3,500, against loss by fire upon the premises foreclosed,—$2,500 upon the two-story brick building, and

$1,000 on the furniture therein contained,—which also contains his assignment in blank, indorsed on the back thereof, according to the usual forms for assignments. In the petition he further states that he is informed and believes that there is an outstanding policy in the hands of the plaintiff for the sum of $500, upon the same premises; but the petition does not explain why the defendant does not know precisely how this fact is. He also agrees, by the petition, that he will renew this $3,500 policy when it expires, on the 19th of next July, with the same form of an assignment. He states that he is willing that the assignment be filled out in such manner as the court may direct, in order to give the plaintiff in this suit the benefit of the entire $3,500 of insurance, in case of the destruction of the premises and furniture by fire pending the appeal, and to any extent to which by law they may be entitled to the same. He further states that the two policies of $1,000 and $2,500 represent the fair insurable value of the house and that it is ample to secure against any probable loss by fire pending the appeal. He finally states that he believes the land itself, without the buildings, is worth more than the amount for which the sale is decreed. The petition then prays that the assignment shall stand as it is, in blank, to be filled according to the order of this court when occasion requires, and consents to such transfer of the insurance, and his rights thereunder, as the court may direct. Along with this petition an order is presented which directs that the policies of insurance be delivered to John B. Clough, the special commissioner named in the decree to make the sale of the mortgaged premises, to hold the same, and any renewal that may be made thereof, for indemnity of the plaintiff against loss by fire pending the appeal, to the extent to which he may be entitled; the court reserving the power to direct the filling up of the blank, and the collection of the money, and its application, if any loss occurs. Also, there is offered for approval an appeal bond, conditioned according to the statute, for the sum of $1,500, which the court is asked to approve.

The plaintiff undoubtedly has the right to insure the property for any sum, to the extent of $6,500, and to collect out of the proceeds of sale the cost of such insurance. That is their alternative, under the stipulation of the mortgage, where the mortgagor does not himself keep the property insured for that sum, or some less sum agreed upon, according to his obligation. The plaintiff is under injunction against enforcing the security through the powers given to the trustee, and therefore he could not enter for the default in the matter of keeping the property insured, which is the other alternative mentioned in the mortgage. It is manifest, then, that at this stage of the proceedings, after a decree of foreclosure, the plaintiff should not be compelled to rely upon this open alternative to pay for and take out that insurance which the defendant is under an obligation to take out and keep up for him. It would be adding that amount to the mortgage debt, when the value of the property without insurance was thought by the parties to be inadequate, or so near the amount of the debt that there would be no margin for such additional expense. Besides, it is by the contract optional with the mortgagee to take that means for his security, and he should not be

compelled to adopt it; nor should he be left without any security against fire, when the act of congress giving the appeal covers the risk, by its requirements as to the stipulations of the appeal bond. I am of the opinion, therefore, that the plaintiff has a right to demand that the amount of the appeal bond shall be adjusted to cover any loss by fire. Indeed, the defendants do not deny this, and they offer to meet that liability by the assignment of the policy which the defendant mortgagor has taken out for his own benefit, and not for the benefit of the mortgagee, as he agreed to do; and the controversy of counsel is over the amount of the insurance, or the amount of the appeal bond, and the best method of meeting this danger of the deterioration of the security by fire.

It is contended by the defendant that, inasmuch as the trustee has been enjoined from executing his powers of sale, the proposed policy should not be taken out in his name, or assigned to him. It is also urged that the stipulation in the policy as to the amount of the insurance, and the requirement that the policy shall be delivered to the trustee, have been arrested or abrogated by this injunction, and that the plaintiff is entitled only to such security by way of insurance as the general principles of equity would require after a decree of foreclosure, and pending an appeal. I do not concur in the soundness of this view. Because the trustee is enjoined from making a sale, and the plaintiff is therefore required to resort to a foreclosure by decree, it by no means results that the obligation of the defendant mortgagor to keep the property insured according to the stipulations of the mortgage has been at all affected by that injunction; nor can the court overlook that stipulation in determining the controversy which has arisen over the amount of the appeal bond. Neither do I think that the court can enforce the insurance by refusing this appeal until the stipulation of the mortgage that the defendant mortgagee shall keep the property insured for the benefit of the trustee to the extent of $6,500 has been complied with. The failure to comply with that stipulation is among the grounds of the decree for foreclosure, and the measure of the penalty to be imposed upon the mortgagor for not insuring the property is the decree of foreclosure itself. But, when the defendant mortgagor comes to offer his appeal bond, the court has the opportunity and the duty to protect the security by adjusting the amount to cover the danger of loss by fire. Here the parties have agreed that, in the absence of a stipulation to the contrary, the insurable value of the improvements is $6,500; and why, I ask, should not that value be taken as the agreed amount of protection to be given to the security by insurance? I think it is. It is true that in case of loss by fire insurance companies may be bound to pay the actual value of the premises insured, and it might be that they would not agree to place that much insurance upon the improvements; but that does not alter the obligation of the defendant mortgagor. Instead of offering a policy of insurance for the amount agreed upon, he offers pending this appeal a far less amount, complicates the insurance with insurance on furniture which he offers to assign, and tenders a policy which expires within 90 days from the time of its tender. It is true, he agrees to renew

the policy on the expiration of the existing insurance, and that the renewal may stand as the original policy. But what security has the plaintiff that this new agreement which the defendant would force on him will be complied with, and what protection would the plaintiff have if on the 1st of next July the defendant should be unable to renew the policy, or should decline to do so? Evidently, none at all. And it is not at all probable that this case can be reached in the court of appeals, and decided, within three months, according to the general course of business. Therefore the security against loss by fire which is tendered seems to be quite inadequate, measured by the agreement of the parties themselves for that security, and which the plaintiff has an equitable right to enforce. In the circumstances of the case, the strict, equitable right of the plaintiff is that the amount of the appeal bond should be $6,500, at the very least, so that in the event of loss by fire he may recover whatever indemnity the insurance companies would be compelled to pay under an ordinary policy of insurance for that amount. The defendant has no equitable right to demand the mitigation of this stipulation in the policy; nor has he a right to any claim that any policy of insurance shall be accepted in the place of the security offered by the appeal bond, unless the policy tendered is according to the stipulations of the mortgage. The surety on the appeal bond would, on the principle of Kountze v. Hotel Co., supra, become the insurer against loss by fire, under the stipulations of the mortgage contract. It may be suggested that he could protect himself by a policy of insurance for his own benefit, or that the assignment here offered might be made to him for his protection; and, if the plaintiff feels any doubt whether the rule upon this subject which is only suggested in Kountze v. Hotel Co. would be followed in a case actually presenting the point for decision, he might protect himself against that danger by taking out a policy of insurance for his own benefit, and it is not impossible that he might be able to reimburse the cost of that insurance under a final decree of sale.

On the whole, I have concluded that the better precedent to establish is that the court shall not concern itself about any extraneous security by insurance, after a decree of foreclosure has been made, and that it is best to hold, according to the strict rights of the parties, that if the mortgagor has not kept the property insured according to the stipulations of the mortgage, or does not offer before or at the time of the decree of sale a policy of insurance in conformity with the stipulations of the mortgage, the court should, in adjusting the appeal bond, fix the amount large enough to cover the probable loss by fire, as that amount has been agreed upon between the parties. Where the parties differ as to the insurable value of the premises, it might, in the absence of any agreement between them as to the insurable value, be proven and determined, upon a reference to a master, what that value is; but I think that course is wholly unnecessary where the parties have agreed that the mortgagor shall insure for a definite amount. The application of the defendant to substitute by assignment the policy he now holds must therefore be denied. Also, the court must decline to approve the

appeal bond as tendered, and the amount will be fixed at the sum of $6,500. Strictly considered, it ought possibly to be somewhat increased, to cover costs and other damages that might be included in the bond; but I think, on the facts above stated, it is quite apparent that the sum of $6,500 would cover, not only any loss that would probably be assured by the insurance companies, but also any other costs or damages that may occur pending the appeal.

Since the foregoing opinion was announced the parties have agreed to fix the appeal bond at $3,000, which is approved.